# HENRY V. BEMIS

*v.*

## EDWARD C. STANLEY.

LIMITATION—*action on foreign judgments.* Under section 15 of the Limitation law in force July 1, 1872, an action on a judgment rendered in another State is barred in five years, and if the cause of action is barred under the laws of the State where the same arose, then, under the 20th section of the same act, it will be barred here, though the five years have not elapsed.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

This was an action of debt, by Edward C. Stanley against Henry V. Bemis, in the circuit court of Cook county, upon the record of a foreign judgment.

The cause was decided upon demurrer to the defendant's plea of the Statute of Limitations, the Hon. JOHN G. ROGERS, Judge, presiding. The defendant took the case by appeal to the Appellate Court for the First District, where the judgment of the circuit court was affirmed.

Messrs. HITCHCOCK, DUPEE & JUDAH, for the appellant.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought by Edward C. Stanley, in the circuit court of Cook county, against Henry V. Bemis, on the 28th day of August, 1877, upon a judgment rendered in the State of Ohio, on the 10th day of March, 1859. To the declaration the defendant pleaded the Statute of Limitations—that the action did not accrue within five years. To this plea the plaintiff demurred. The demurrer was sustained, and judgment rendered against the defendant, and the only question presented by the record is, whether the decision holding that the Statute of Limitations had not run against the action was correct. The decision of this question involves a construction of secs. 15 and 20 of "An act in regard to Limitations," in force July 1, 1872, Laws of 1871-2, p. 556. Section 15 provides: "Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." An action brought in this State upon a judgment rendered in another State, is un- doubtedly a civil action, within the intent and meaning of this section of the statute, and unless some other section of the act has provided a period of limitation to govern the time within which an action shall be brought in this State upon a foreign judgment, then sec. 15 must control. It is, how- ever, contended that sec. 20 of the act fixes the period of limitation. It declares, when a cause of action has arisen in a State or Territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be main- tained by reason of the lapse of time, an action thereon shall

not be maintained in this State. It is true, this section of the statute might be pleaded in a case where the judgment or cause of action sued upon was barred by the laws of the State where rendered; and if this was designed as the sole purpose and object of the act, its enactment would subserve a useful end. There are many sound reasons for this State to decline the enforcement of the collection of claims in our courts that arise in other States, and are barred by the laws of the State where the cause of action arose. But while this is true, no reason is perceived why we should not have a limitation law uniform in its application, when applied to actions which arise in each and all the States outside of our own.

If, however, sec. 20 should be held to be the controlling statute in a case of this character, and the only statute to govern a cause of action which arose in another State, we would have no uniform period of limitation, but each case that might arise would have to depend upon the law of the State in which the action arose. If the cause of action arose in Indiana, and the period of limitation there was ten years, the action might be prosecuted here to final judgment within ten years; and if the cause of action arose in Iowa, and the time of limitation provided in that State was three years, then no action could be maintained here unless brought within that time; or if the cause of action arose in a State where there was no time prescribed for bringing the action, then there would be no limitation whatever within which the action should be brought here. Is it reasonable to believe that it was the intention of the legislature, by enacting secs. 15 and 20, to provide no limitation whatever against a cause of action which arose in another State unless barred by the laws of that State? We think not. Our view of the question is, that sec. 15 is broad enough to embrace the judgment sued upon in this case; that the suit on the judgment is a civil action not otherwise specially provided for, and hence

barred in five years by the terms and conditions of the statute.

It is true, under sec. 20, if the cause of action was barred in the State where the cause of action arose, it would be barred here. But this section of the statute, instead of being a limitation upon sec. 15, was doubtless designed rather as an enlargement of the provisions of that section. In other words, if a cause of action which arose in another State was by the laws of that State barred, it would be barred here, although it was a civil action, and the five years provided by sec. 15 had not run. By the enactment of sec. 20, it was doubtless intended to close the doors of our courts to the enforcement of stale claims which could not be enforced in the State where the cause of action arose.

If we are correct in these views, it follows that defendant's plea constituted a complete defence to the action, and the court erred in sustaining the demurrer.

For this error, the decision of the Appellate Court affirming the decision of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*