B. J. SCHEMMEL *et al.* Plaintiffs in Error, *vs.* WILLIAM COOKSLEY, Defendant in Error.

*Opinion filed December 17, 1912.*

1. LIMITATIONS—*action on foreign judgment must be brought within five years.* An action in this State based upon a judgment rendered in another State must be brought within five years.

2. CONSTITUTIONAL LAW—*the limitation for bringing a suit on foreign judgment does not violate Federal constitution.* The limitation of five years for bringing an action in Illinois on a judgment rendered in another State is not a denial of the full faith and credit of such judgment guaranteed by the Federal constitution, as the limitation laws of the several States, if reasonable, cannot be questioned.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding.

LOUIS ZIV, for plaintiffs in error.

ERIC WINTERS, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error sued the defendant in error on a judgment recovered before a justice of the peace in the State of Iowa and were defeated by the defense of the five years' Statute of Limitations. This court has held that the period of limitations within which an action may be brought in this State upon a judgment rendered in another State is five years. (*Bemis* v. *Stanley,* 93 Ill. 230; *Ambler* v. *Whipple,* 139 id. 311; *Schuler* v. *Schuler,* 209 id. 522; *Davis* v. *Munie,* 235 id. 620.) The plaintiffs in error insist that this limitation is in violation of section 1 of article 4 of the constitution of the United States, and have therefore brought the judgment to this court for review.

It is insisted that the judgment will not be barred in the State of Iowa until the lapse of twenty years, and that to hold it barred in a shorter time in this State is to deny to it the full faith and credit guaranteed by the Federal constitution. The case of *Christmas* v. *Russell,* 5 Wall. 290, is cited to sustain this position, but the conclusion that it does so rests upon an entire misapprehension of the case. The statute of Mississippi which was there held, invalid was not a statute of limitations, but prohibited absolutely the maintenance of an action upon any judgment or decree rendered outside of the State of Mississippi of the character mentioned in the statute. The court stated expressly that the validity of limitation laws of the States, if not unreasonable in their terms, could not be questioned, and referred with approval to *Elmoyle* v. *Cohen,* 13 Pet. 312, in which it was stated that the court did not entertain a doubt that the Statute of Limitations of Georgia could be pleaded to an action in that State founded upon a judgment rendered in the State of South Carolina.

*Judgment affirmed.*