## Mae Cox Tailby, Appellee, v. Clarence Burr Tailby, Appellant.

### Gen. No. 9,736.

Opinion filed March 7, 1951. Released for publication April 3, 1951.

JOHN J. BAKER, of Shelbyville, and LORD, BISSELL & KADYK, of Chicago, for appellant; JOHN J. BAKER, of Shelbyville, and JOHN L. DAVIDSON, of Chicago, of counsel.

ISAAC I. BENDER, of Chicago, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

The complaint in this case was filed in the circuit court of Shelby county, Illinois, on July 6, 1948, by plaintiff appellee, Mae Cox Tailby, against defendant appellant, Clarence Burr Tailby, to obtain a judgment against defendant for the amount of accrued and unpaid alimony and solicitor's fees alleged to be due plaintiff under a New York court decree, and asking that such New York court decree for alimony and solicitor's fees be established as a foreign judgment and enforced by appropriate equitable remedies.

The present case was tried before the court without a jury. We do not consider it necessary to state the pleadings.

The circuit court of Shelby county entered an order in which it was ordered, adjudged and decreed that a decree of the Supreme Court of Kings county, New York, entered November 2, 1945, for the payment of attorney's and solicitor's fees was a valid judgment of the State of New York, that the plaintiff have and recover in the Illinois court proceeding from the defendant on said New York judgment $12,050 for her alimony and counsel fees up to and including October 3, 1949, together with the sum of $1,128 for her alimony from said last date to March 10, 1950, making a total of $13,178 and ordered that the defendant's counterclaim be dismissed. This appeal is by the defendant from such last order.

Plaintiff and defendant were married in the State of New York on May 28, 1926, and thereafter lived together as husband and wife in the State of New York for several years.

They separated in 1933 and thereafter did not live together. Her residence at all times since 1941 has been and is in the State of New York. At all times since 1941 his residence has been in some State other than New York. For the last several years his residence has been and is in Illinois.

In August 1941, a written agreement was executed by plaintiff in New York and by defendant in Illinois, which stated that plaintiff was about to commence an action in the Supreme Court of Kings county, New York, for an absolute divorce, and had been advised by her counsel that she could not obtain a valid decree of divorce in New York unless she obtained service of process on the defendant in that State, or unless the defendant voluntarily entered his appearance in such a

666

suit, that defendant agreed, in the event the plaintiff should institute suit in such New York court, he would voluntarily enter his appearance therein by counsel of his own selection, upon the express condition that if a decree of divorce was granted the decree should provide for the payment of alimony in gross of $1,200, that he did not agree plaintiff was entitled to a decree of divorce, or to assist her in obtaining a divorce, but only to enter his appearance on condition that if an award of alimony in gross of $1,200 was entered in such proceeding he would pay such sum in satisfaction of said decree, provided said decree should then be fully satisfied of record and all obligations of the defendant thereunder were deemed to be fully discharged, and that in any decree of divorce entered in such New York court she would not ask for an allowance of alimony in any amount exceeding $1,200.

At the time such agreement was executed each of them had been advised by reputable counsel to the effect and each evidently believed that such agreement when executed would be legal and binding.

After the execution of such agreement and on August 20, 1941, the plaintiff filed suit for divorce in the Supreme Court of Kings county, New York, on the ground of adultery. The defendant, by his attorney, pursuant to such agreement, entered his general appearance. On October 23, 1941, in such suit the New York court entered an interlocutory decree of divorce in favor of plaintiff because of the adultery of the defendant. The only statement in such decree with reference to property settlement or payment of any money was: "Ordered . . . that defendant pay to plaintiff the sum of $1,200 in full settlement of all alimony." On January 31, 1942, an order was entered by the New York court making such interlocutory decree final.

After the entry of such interlocutory decree the plaintiff was paid all moneys due her under the property settlement agreement.

At the time of the entry of the divorce decree the plaintiff was apparently in good health and was earning her own livelihood. Thereafter the plaintiff became ill and in 1944 became practically blind and in destitute circumstances, and an object of charity.

In July 1945, plaintiff filed proceedings in such New York court to modify such decree of divorce, in which proceeding the defendant entered his special appearance, and under such special appearance his counsel contended before the New York court that the decree of divorce fixing total alimony of $1,200 was final and could not be changed or modified by the court.

On motion of plaintiff such special appearance was dismissed and defendant was then ordered by such New York court to appear generally if he be so advised, which he did not do. Thereupon defendant appealed to the Appellate Division of the New York court for leave to appeal to the court of appeals from the entry of the order dismissing his special appearance, and his motion for leave to appeal was denied.

Thereafter defendant filed an action in the United States District Court for the Eastern District of New York, petitioning for a temporary injunction to restrain plaintiff upon making application in the Supreme Court of Kings county for an order to modify the decree of divorce. Thereafter the United States District Court denied defendant's motion for such temporary injunction, and on February 25, 1945, dismissed such suit ''on the merits.''

Thereafter and on November 2, 1945, the Supreme Court of Kings county entered a decree modifying the decree of January 31, 1942, by ordering defendant to pay $50 per week to the plaintiff as alimony for her

support and maintenance commencing July 3, 1945, and ordering defendant to pay plaintiff's attorney's fee in the sum of $1,000.

Defendant now contends that where a decree awards a sum in gross for or in lieu of alimony the decree will be regarded as final and the gross sum when paid will operate as a discharge and satisfaction in full of all claims for support of the wife, and that there is no provision of the New York statutes empowering the court to modify a final judgment of divorce where there has been an award of alimony in gross, particularly where the award has been paid and satisfied. We do not consider there is any merit to such contentions.

In support of such contentions defendant cites several Illinois cases. We do not consider any of such cases in point, for they were all with reference to divorces granted in Illinois and based on Illinois statutes.

Section 1170 of the New York Civil Practice Act, in force at all times in question, provides as follows: "Where an action for divorce . . . is brought by either husband or wife, the court, except as otherwise expressly prescribed by statute, must give, either in the final judgment, or by one or more orders, made from time to time before final judgment, such directions as justice requires, between the parties, . . . for the support of the plaintiff. The court, by order, upon the application of either party to the action, . . . after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, may annul, vary or modify such directions, or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires for . . . the support of the plaintiff in such final judgment or order or orders."

Section 51 of the Domestic Relations Act of the State of New York, in force at all times in question, provides

669

that: " . . . but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife."

No conflicting statute of New York has been cited.

■ The provision in the Federal Constitution requiring the courts of one State to give "full faith and credit" to judgments and decrees of a sister State is applicable in this case, and the courts of Illinois must give full faith and credit to the New York decree.

In *Fox v. Fox,* 263 N. Y. 68, 188 N. E. 160, the court said: "In an action for divorce, although the final judgment puts an end to the relation of husband and wife, the duty of the husband to support the wife may in substance be continued in the form of an award of alimony. . . . Under the present statute (Civil Practice Act Sec. 1170), the court is authorized at any time after final judgment to annul, vary or modify such an award; or, if there was no award, to make one by amendment. The application may be made by either party to the action upon such notice to the other as the court shall prescribe. . . . The effect of the statute is to write a reservation into every final judgment of divorce. The jurisdiction of the court over the parties and over the incidental subject matter is prolonged; and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act."

No New York case based on a similar state of facts holding to the contrary has been called to our attention.

Defendant says that if the order of the New York court entered in 1945, is valid, "it follows that the defendant was fraudulently induced to permit the filing of his appearance in New York State, and the (Illinois) court will not enforce a decree by that means."

The record shows that while the plaintiff and defendant were living separate and apart, and before the execution of the settlement agreement, the defendant

had obtained a Mexican decree of divorce from the plaintiff, which the U. S. District Court in the injunction proceeding brought by the plaintiff found was invalid, and thereupon after obtaining such Mexican decree of divorce and while still married to the plaintiff the defendant married another woman, and was living with such other woman when the settlement agreement was negotiated and entered into. It is obvious that the defendant wanted the plaintiff to obtain the New York divorce decree.

In the New York divorce proceeding, as stated, the defendant in fact entered his general appearance, and not a conditional or qualified appearance, and he was represented in such court by counsel of his own selection.

■ It is our opinion that the record does not show that the plaintiff used any fraud in obtaining the decree of divorce.

■ The defendant contends that the circuit court of Shelby county erred in denying his counterclaim asking such court to restrain the plaintiff from proceeding with the present suit. It is our opinion that plaintiff had the right to file such suit and any injunction by the Illinois court would take away the right of the plaintiff to be heard. As stated, the U. S. District court of New York denied a similar prayer for injunction. The defendant had ample opportunity to present the matter of the validity of the agreement to the Supreme Court of Kings county, New York, at the time when the divorce was granted, and could have presented the same question to the same court when the opportunity was given him in 1945, but he did not choose to do so.

■ It is our opinion the circuit court of Shelby county did not err in denying such prayer for injunction.

We consider that the foregoing disposes of all assignments of error by defendant.

671

The plaintiff has assigned as cross-error the failure of the trial court to provide for equitable enforcement of the decree entered by such court.

The complaint filed in the present case asked that the decree of November 2, 1945, of the New York court be given full faith and credit, and that a judgment for the amount of unpaid alimony and solicitor's fees and for the further weekly instalments as they become due in accordance with the New York decree, and that such New York decree be established as a foreign judgment and "enforced by appropriate equitable remedies as is usual in such cases."

The decree did not provide for any general equitable relief.

Plaintiff cites *Rule v. Rule*, 313 Ill. App. 108, decided in 1942, which case is directly in point. However, in *Clubb v. Clubb*, 402 Ill. 390, decided in 1949 our Supreme Court said: "We have heretofore held that jurisdiction of courts of equity to determine divorce cases and all matters relating thereto is conferred only by statute, and that these courts may exercise their powers in such matters within the limits of the jurisdiction conferred by the statute and not otherwise, as the jurisdiction depends solely upon the grant of the statute and not upon general equity powers. . . . If a court of equity in our State has no general powers over divorce cases and all matters relating thereto, and citizens of our State cannot procure relief in such matters unless statutory authority so permits, it would not be just for us through claimed comity or alleged general powers to allow enforcement by our equity courts, through civil contempt, of a decree of a foreign country for the payment of alimony to one of its subjects. In our opinion comity does not require us to go that far."

█ It is true that in the *Clubb* case the court had under consideration the decree of an English court,

█

and the full faith and credit clause of the Federal Constitution does not apply to decrees and other proceedings of foreign courts, but only applies between the States. However, no statute of Illinois has been called to our attention conferring specific authority on courts of equity in this State to enforce through civil contempt divorce decrees of another State.

█ Because of the above-quoted language in the *Clubb* case it is our opinion that the trial court did not err in refusing to provide for such equitable relief.

The judgment of the circuit court of Shelby county is affirmed.

*Affirmed.*