RHODY HAGER, Plaintiff-Appellant, *v.* JEROME HAGER, Defendant-Appellee.
(No. 11311;

Fourth District—October 8, 1971.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, (John E. Fick, of counsel,) for appellant.

Greanias, Booth and Lieberman, of Decatur, (Edward Booth and Marvin Lieberman, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, Rhody Hager, brought action against her husband, Jerome Hager, to recover alleged alimony arrearage under a Decree of the Athens Court of First Instance of One Judge, Athens, Greece, and for other relief concerning certain personal property of plaintiff.

Plaintiff's complaint consists of two counts. The first count prayed that the Court adopt the decree of the Athens Court as its decree, that defendant be directed to pay plaintiff the sum of $2800 as the alimony in arrears, court costs and a reasonable attorneys' fee, direct defendant to return to plaintiff her personal property, and further direct defendant to pay alimony to the Clerk of the Court for plaintiff of $400 per month and to grant a lien on all of defendant's real and personal property as security for such payments. The second count realleged Count I and based upon Chapter 40, Section 19, Illinois Revised Statutes, 1967, prayed for alimony to be decreed of $400 per month and for court costs, reasonable attorneys' fees and that defendant be directed to return to plaintiff her personal property.

Defendant filed a Motion to Dismiss the Complaint, or in the alternative to strike certain portions of the Complaint, contending that neither count stated a cause of action, nor a theory of law warranting the relief prayed.

The Court granted the motion to dismiss and by a nunc pro tunc order entered judgment dismissing the Complaint with prejudice and finding that there was no just reason for delaying appeal.

The facts as alleged in the Complaint are: Plaintiff, Rhody Hager, and defendant, Jerome Hager, both citizens of Greece, were married July 21, 1968, in Athens, Greece, where plaintiff then resided. Defendant was a resident of Decatur, Macon County, Illinois. Shortly after the marriage, the parties came to Decatur to reside. Upon arrival in Decatur, plaintiff discovered that defendant's mother and sister lived in the same residence

with her husband, despite representations the husband made to her prior to the marriage that his mother and sister were moving to another state. Plaintiff alleged that the mother and sister conducted themselves so as to make her life miserable and that defendant acquiesced in their conduct. On the promise of her husband that if she would leave the marital home and return to Greece, he would provide more acceptable living arrangements in her absence, she returned to Greece September 15, 1968. After her return to Greece, defendant had an attorney write her proposing divorce. Defendant thereafter refused to pay her transportation costs to return to Decatur and failed to provide her any support or return her personal property.

Based on the foregoing facts, plaintiff on March 31, 1969, filed a suit for support against defendant in Athens, Greece. Defendant was personally served with a copy of the Complaint by the Sheriff of Macon County, Illinois, on April 29, 1969.

The Athens Court of First Instance of One Judge on July 19, 1969, entered a decree in favor of plaintiff, awarding her provisional alimony of $400 per month, beginning March 31, 1969. Plaintiff alleged that no part of such alimony payments had been made; that $2800 had accrued; that plaintiff was in need of support, being dependent on relatives; and that defendant was gainfully employed, owned real estate from which he obtained income, and owned other assets. A true copy of the decree of the Greek Court was attached to the Complaint, including certain minutes and the decision of that Court.

■■ The issue presented by Count I has little direct authority in Illinois. Plaintiff urges that equity and comity requires Illinois to establish the Greek Alimony Decree as its own and to then enforce it as such. The decree is not one for divorce or for separate maintenance as we know such proceedings in Illinois. The full faith and credit clause of the Federal Constitution (Art. IV, Sec. 1, U.S. Constitution) does not require an Illinois court to recognize or enforce the decree of a foreign country. *Clubb v. Clubb*, (1949) 402 Ill. 390, 84 N.E.2d 366; *Tailby v. Tailby* (1951), 342 Ill.App. 664, 97 N.E.2d 611; *Nardi v. Segal* (1967), 90 Ill.App.2d 432, 234 N.E.2d 805. Thus, in *Clubb v. Clubb, supra,* where a divorce decree was entered in the High Court of Justice, Probate, Divorce and Admiralty Division (Divorce), London, England, with a subsequent order requiring the husband to pay alimony and where both parties resided in England at commencement of the proceedings but while the same were pending, defendant was sent by his employer to Chicago, the Illinois Supreme Court held that the full faith and credit clause did not apply to judicial proceedings of other countries. In that case, plaintiff previously had obtained a judgment in the Superior Court

of Cook County for an amount representing back alimony and then filed a petition for a rule to show cause why defendant should not be held in contempt for failure to comply with the decree. The decree was held to be a money judgment and not enforcible by contempt under the general equity powers of the Court.

■■■ In the absence of a treaty providing the effect to be given a decree rendered in another country, its recognition is dependent upon the somewhat nebulous doctrine of comity. As a rule, a foreign country's decrees will be recognized, not by reason of any obligation to recognize it, but upon considerations of utility and the mutual conveniences of nations. Recognition may be withheld for various reasons, as where it is contrary to the public policy of the state where the recognition is sought, where the country in which it was rendered does not recognize American decrees, where it is invalid or wanting in integrity by reason of lack of jurisdiction in the foreign court, lack of domicil in the foreign country, where it was obtained in bad faith, by fraud or by taking advantage of the foreign law on the part of one who left the state and went to the foreign country for that purpose, where the operation of the decree would do wrong or injury to the citizens of the state, or where its recognition would work injustice to an innocent party. Nelson, *Divorce and Annulment*, 2d Ed., Vol. 3, pages 440-441.

■■ We do not deem the *Clubb* case to be necessarily decisive of the question here involved. Indeed that case pointed out that plaintiff had not asked that the English decree be adopted as a decree of the Illinois Court. Plaintiff requests that very action here. However, the principles reviewed in that case persuade us that there is no power in a court of equity to assume jurisdiction to enforce a foreign country's decree for alimony. The Supreme Court at page 400 of the *Clubb* case stated:

"There being no statute conferring specific authority on courts of equity to enforce decrees of a foreign country, we have considered whether or not under its general powers a court of equity might assume such jurisdiction. We have heretofore held that jurisdiction of courts of equity to determine divorce cases and all matters relating thereto is conferred only by statute, and that these courts may exercise their powers in such matters within the limit of the jurisdiction conferred by the statute and not otherwise, as the jurisdiction depends solely upon the grant of the statute and not upon general equity powers. *Arndt v. Arndt*, 399 Ill. 490, *Smith v. Smith*, 334 Ill. 370; *Smith v. Johnson*, 321 Ill. 324.

If a court of equity in our State has no general powers over divorce cases and all matters relating thereto, and citizens of our State cannot procure relief in such matters unless statutory authority so permits,

it would not be just for us through claimed comity or alleged general powers to allow enforcement by our equity courts, through civil contempt, of a decree of a foreign country for the payment of alimony to one of its subjects. In our opinion comity does not require us to go that far."

■■ In the subsequent case of *Nardi v. Segal* (2nd Dist. 1967), 90 Ill.App.2d 432, 234 N.E.2d 804, the court reviewed the language above of the *Clubb* case and refused to enforce a judgment for child support based upon a divorce decree entered by the Rabbinical Court of Tel-Aviv-Jaffa between parties living in that country at the time of entry of the judgment. As pointed out in that case also the Uniform Foreign Money-Judgments Recognition Act (Ill. Rev. Stats. 1965, ch. 77, Secs. 121-129) specifically excludes a judgment of a foreign state for support in matrimonial or family matters. Likewise, a judgment of a foreign country cannot be registered under the Uniform Enforcement of Foreign Judgments Act Ill. Rev. Stat. 1969, Ch. 77, par. 88(a).

■■ The Illinois Statutes granting jurisdiction to an Illinois Court to enter an order for alimony (Ill. Rev. Stats. 1969, Ch. 40, pars. 16 and 19) pertain only to the granting of such an order as incident to a pending divorce action. Likewise, the authority to grant support and maintenance to married men or women living separate and apart from their wives or husbands, without their fault, is provided by section 22 of chapter 68 of the Illinois Revised Statutes. The present action is not one under either of these statutory provisions. In the absence of a like authority, we do not feel that comity requires us to grant relief to a resident of a foreign country not afforded by our laws to our own residents and citizens, regardless of the unfortunate circumstances which plaintiff alleges occurred.

■■ Another matter urging us to this opinion is that the Greek Court here did not have personal jurisdiction over the person of defendant in rendering its decree. An order for the payment of alimony is *in personam*. *Gleiser v. Gleiser* (1949), 402 Ill. 343, 83 N.E.2d 693. The processes of service of summons have no extraterritorial effect. This was established long ago in *Pennoyer v. Neff* (1877), 95 U.S. 714, 24 L.Ed. 565, where the court said 24 L.Ed. 570:

"Process from the tribunals of one state cannot run into another state, and summon parties there domiciled to leave its territory and respond to proceedings against them * * * process sent to him out of the state and process published within it, are equally unavailing in proceeding to establish his personal liability." See *Bickerdike v. Allen* (1895), 157 Ill. 95, 41 N.E. 740.

So-called "long-arm" statutes have been adopted in modern practice acts

to permit such service in limited types of actions under circumstances where contacts, ties or relations with the state are such that traditional notions of fair play and substantial justice are not offended and where reasonable assurance is made of actual notice of the suit. (See Ill. Rev. Stat. Ch. 110, par. 17; *International Shoe Co. v. Washington* (1943), 66 S.Ct. 154, 326 U.S. 310, 90 L.Ed. 95). However, the record here fails to disclose that the laws of Greece contain such provisions giving extra-territorial effect to its processes. It is also noted that the record discloses only service of the Complaint and no service on defendant of a summons showing date of hearing appearance or default time. Thus, for ought that the record here shows, the Greek Court did not have personal jurisdiction of defendant. An *in personam* judgment of a foreign court which did not have personal jurisdiction will not be enforced in Illinois.

The second count of plaintiff's Complaint seeks a judgment for alimony to be entered directly by the Court based upon Section 19 of the Divorce Act. (Ill. Rev. Stat. 1967, Ch. 40, par. 19.) As has been stated above, this statutory authority to a court of equity is limited to a proceeding for divorce by its language:

"When a divorce shall be decreed, the Court may make such order touching the alimony and maintenance of the wife or husband."

The Complaint does not seek divorce or even allege a cause of action for separate maintenance and support incidental thereto. There is no inherent jurisdiction in a court of equity, apart from statute, to grant alimony. This count clearly was an attempt to obtain a "bare" alimony order which the court had no jurisdiction to grant.

The Court below properly granted the motion to dismiss and the judgment dismissing the complaint.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.