RAYMOND DAYAN, Plaintiff-Appellant, *v.* McDONALD'S CORPORATION Defendant-Appellee.

First District (1st Division) No. 79-136

Opinion filed October 29, 1979.—Rehearing denied December 3, 1979.

Epton, Mullin, Miller & Druth, Ltd., of Chicago (Saul A. Epton and Gerald B. Mullin, of counsel), for appellant.

Foran, Wiss & Schultz, of Chicago (Thomas A. Foran, Robert E. Wiss, and Lori Stone, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal by the plaintiff, Raymond Dayan, from an order modifying a preliminary injunction entered on January 17, 1979. The action was originally filed in 1970 in the circuit court of Cook County alleging, *inter alia,* a breach of an agreement with defendant, McDonald's

Corporation, entitling plaintiff to buy certain franchises and to operate certain restaurants in Paris, France. A consent decree was entered in 1971 providing for a master license agreement with a stipulation that Illinois and France would have concurrent jurisdiction of all controversies arising under the agreement. The court retained jurisdiction to enforce compliance with the agreement of the parties.

In March 1978, defendant filed an action against plaintiff in France alleging a breach of the licensing agreement and prayed for a termination of the franchise. On May 12, 1978, a second action was filed against plaintiff in France claiming an infringement of defendant's trademark with respect to a restaurant under construction.

Meanwhile, on June 6, 1978, plaintiff, an Illinois resident, filed a petition in the circuit court of Cook County in the 1970 lawsuit seeking injunctive relief to prevent the termination of operating licenses of the Paris restaurants, and for an order requiring defendant to issue an operating license for the restaurant which was the subject of the trademark infringement suit. Defendant objected on the grounds that the court did not have exclusive jurisdiction and that the same matter was pending in the French courts. On June 13, 1978, the court granted the preliminary injunction, which order was affirmed on appeal. *Dayan v. McDonald's Corp.* (1978), 64 Ill. App. 3d 984, 382 N.E.2d 55.

On October 24, 1978, defendant filed a motion to dismiss the Illinois action based on *forum non conveniens.* After a hearing the court denied the motion and entered an order on January 17, 1979, modifying the preliminary injunction previously entered and providing as follows:

"1. The motion to dismiss is denied.

2. The preliminary injunction granted on June 13, 1978 is modified to provide:

    a. McDonald's Corporation may proceed to sue in France for termination of its master license agreement and operating licenses in issue in this proceeding and/or for infringement of trademarks, trade names and copyrights.

    b. No steps shall be taken by McDonald's Corporation to enforce termination of the master license agreement or existing operating licenses until final disposition of the matters before the courts of France, and the subsequent concurrence by this court in the decision.

3. This court shall be bound by findings of fact of the French court, and the application of French trademark infringement, trade name and copyright law.

4. This court reserves the right to review the conclusion of the French court solely in its application of Illinois law.

5. The proceedings in this matter in this court are stayed until final disposition before the courts of France.

6. Defendant, at its expense, shall produce the following individuals at Plaintiff's request as witnesses for pre-trial depositions and at trial: Gerald Ford, James Schindler, Marion Dobrowolski, Paul Duncan, Kenneth Hadland, Clark Baldwin and Steven Barnes.

7. All other provisions of the Injunction entered on June 13, 1978 shall, remain in force."

Plaintiff appeals from said order.

On appeal plaintiff contends that: (1) The order modifying the preliminary injunction was in error in binding the circuit court to findings of fact by a French court. (2) The order was in error in binding the circuit court to apply French trademark law to an Illinois contract. (3) It was error to limit plaintiff's remedy to contest only the proper application of Illinois law by the French courts. (4) It was error to permit McDonald's, the defendant, to bring suit in France against the plaintiff for termination of the franchise. (5) It was error to abate the suit in the circuit court of Cook County.

We reverse and remand.

Many of the facts surrounding the business dealings of the parties are set forth in a previous opinion between the same parties and will not be repeated here. (*Dayan v. McDonald's Corp.* (1978), 64 Ill. App. 3d 984, 382 N.E.2d 55.) At page 987, this court stated:

"On appeal, McDonald's first argues that the trial court erred in allowing Dayan leave to file his petition for injunction since the matter was pending in the French court.

1. We disagree. In Illinois, the rule is that the mere pendency of a lawsuit in a foreign country is not a bar to proceedings in our courts. [Citations.] Though *Goldberg* and *Farah* were divorce proceedings, the rule has broader application. (See *Pesquera Del Pacifico v. Superior Court* (1949), 89 Cal. App. 2d 738, 201 P.2d 553.) We are not dealing with a judgment entered by a foreign court, but simply the pendency of another suit. The trial court had jurisdiction to entertain Dayan's petition for injunction, though concurrent jurisdiction was shared with the French court.

McDonald's next argues that Dayan failed to allege grounds sufficient for the issuance of an injunction.

2. We believe sufficient grounds were established and that the injunction was properly ordered. In general, injunctions rest on the authority of courts of equity to restrain persons within their limits of jurisdiction from doing inequitable acts to the wrong and injury of others. The authority is further derived from the power of the

State to compel its citizens to respect its laws even beyond its territorial limits. (*Kahn v. Kahn* (1945), 325 Ill. App. 137, 59 N.E.2d 874.) Here, the controversy concerns the rights of the parties under the master license agreement, a contract executed in Illinois, according to Illinois law. Certainly the trial court had legitimate authority to issue the injunction and further, is in a better position to resolve the dispute than the French court, which must attempt to interpret Illinois law." 64 Ill. App. 3d 984, 987, 382 N.E.2d 55.

After the above appeal defendant filed a verified motion for *forum non conveniens* relief with supporting documents, setting forth the detailed facts and considerations supporting the propriety and necessity of such relief. Defendant does not concur with the statement of issues of plaintiff-appellant and described the initial issue as to whether the trial court órder granting *forum non conveniens* relief was an abuse of discretion under the circumstances herein. It would appear that appellee in its argument has chosen to ignore that portion of the order that stated that "the motion to dismiss is denied." The order denied a dismissal of plaintiff's action based on *forum non conveniens* relief through a modification of the preliminary injunction of June 13, 1978.

■■ The Illinois Supreme Court recently examined the doctrine of *forum non conveniens* in detail and stated in *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110-11, 383 N.E.2d 977, 985:

"Whether particular facts and circumstances warrant dismissal of a case on the ground of *forum non conveniens* rests primarily within the discretion of the trial court. The court's decision will be reversed on review if it can be said that in deciding as it did there was an abuse of discretion. [Citations.]"

"A comprehensive statement of factors to be weighed in considering dismissal of a case under *forum non conveniens* is found in the often cited case of *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843:

'Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. * * *

If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;

possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' "

■■ From the record presented we are unable to discern which of the above factors were considered by the court in denying the motion while in effect granting most of the relief sought. We are also unable to accept the basis for the court retaining jurisdiction to review and determine certain matters while agreeing to be bound by the determination of the French courts in others. Generally, "a judgment of a foreign country cannot be registered under the Uniform Enforcement of Foreign Judgment Acts. Ill. Rev. Stat. 1969, Ch. 77, par. 88(a)." (*Hager v. Hager* (1971), 1 Ill. App. 3d 1047, 1052, 274 N.E.2d 157, 160.) Moreover, the Illinois courts are not obligated to give comity to a foreign court and the full faith and credit clause of the Federal Constitution (U.S. Const., art. IV, §1), does not require an Illinois court to recognize or enforce the decree of a foreign country. *Hager v. Hager.*

By retaining jurisdiction this matter is akin to an analogous case involving two suits in the circuit court wherein the Illinois Supreme Court stated:

"It is entirely clear that the pendency before different judges of separate suits involving identical parties and issues is incompatible with the orderly and efficient administration of justice." *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 257, 357 N.E.2d 534, 538; *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028.

In *People ex rel. Rice v. Cunningham* (1975), 61 Ill. 2d 353, 360, 336 N.E.2d 1, 6, the court stated:

"The State has not cited nor has our research disclosed any authority that the judicial amendment of 1962 or the provisions of the judicial article of the 1970 Constitution were intended to contravene the longstanding view that proceedings in the circuit court are to be conducted by one judge."

■■ We are not persuaded that the type of order employed in the instant case is proper and neither party has cited any precedent or authority for the bifurcated procedure attempted in this case. See *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 389 N.E.2d 1170.

Appellant has also raised an objection to the order in so far as the order bound the circuit court to certain determinations by the French courts and claims that the court is delegating its function and responsibility as the trier of fact. (*People ex rel. Rice v. Cunningham* (1975), 61 Ill. 2d 353, 336 N.E.2d 1; *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205.) In the *Greene* case the Illinois Supreme Court stated:

> "Concerning the manner of reviewing the findings of the trial court in a bench trial in which the evidence was conflicting, the court in *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, said:
>
>> 'Although a trial court's holding is always subject to review, this court will not disturb a trial court's finding and substitute its own opinion unless the holding of the trial court is manifestly against the weight of the evidence. [Citations.] Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the witnesses while testifying, to determine their credibility, and to weigh the evidence and determine the preponderance thereof. We may not overturn a judgment merely because we might disagree with it or might, had we been the trier of facts, have come to a different conclusion.'" 73 Ill. 2d 100, 110, 382 N.E.2d 1205, 1210.

Viewing the order of January 17, 1979, in its entirety within the context of the principles stated herein, it is doubtful if the court can bind itself in the manner attempted. We are not persuaded from the matters pending in the circuit court of the wisdom of intertwining two dissimilar judicial systems as expedient to the ends of justice in this case. We therefore hold that said order is based upon an erroneous view of the law and said order is reversed in its entirety and remanded for a rehearing.

At such rehearing the court must balance and determine whether the court will retain its prior jurisdiction to administer complete justice to the parties or whether it will be proper under the circumstances to exercise the court's sound discretion to grant the motion of the defendant, *forum non conveniens.*

For the reasons stated, we find it unnecessary to discuss the other issues raised by the parties and the order of January 17, 1979, is vacated and reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.