THE PEOPLE OF THE STATE OF WISCONSIN, Plaintiff-Appellant, v.
FRED UBRIG, Defendant-Appellee.

Second District No. 83—1057

Opinion filed November 9, 1984.

James D. McGonnagle, of Carmel, Baker & Marcus, Ltd., of Chicago, for appellant.

Francis X. Riley, of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, the State of Wisconsin, appeals from the dismissal of its petition to register, in Illinois and pursuant to the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1983, ch. 110, par. 12—601 *et seq.*), a tax judgment that had been entered against defendant, Fred Ubrig, the judgment debtor, in Wood County, Wisconsin.

The question on appeal is whether section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) authorizes the refiling within one year of a petition to register a foreign judgment that had previously been dismissed for want of prosecution. Since defendant has not filed an appellate brief, we will review this issue under the guidelines set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On January 20, 1982, in the circuit court of Du Page County, Illinois, plaintiff filed a petition to register and domesticate a foreign judgment which had been entered against defendant, an Illinois resident, on October 6, 1980, by the circuit court of Wood County, Wisconsin, for $9,878.13 in unpaid income taxes and interest and penalties thereon. Following the denial of defendant's motion to dismiss and the filing of his answer, plaintiff failed to appear at a status call on November 9, 1982, and the trial judge dismissed the case for want of prosecution. Plaintiff filed a motion to vacate the order of dismissal, but failed to appear for a hearing on the motion on December 1, 1982, and the trial court ordered the motion stricken. Plaintiff then filed a petition to vacate the dismissal for want of prosecution under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), recodified as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), alleging in an attached affidavit that its attorney failed to appear on November 9, 1982, and December 1, 1982, because he was appearing in the United States District Court on other matters on those days. The trial court denied the petition to vacate on February 22, 1983.

On May 4, 1983, approximately six months after the dismissal for want of prosecution, plaintiff again filed a petition to register the Wisconsin tax judgment in Illinois. Defendant filed a motion to dismiss the petition pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)) and argued that the claim was barred by *res judicata* because under Supreme Court Rule 273 (87 Ill. 2d R. 273), the dismissal for want of prosecution was a final adjudication on the merits and that section 13—217 of the Code of Civil Procedure, which permits the refiling of actions that have been dismissed for want of prosecution, did not apply to foreign judgments. Following a hearing on defendant's motion to dismiss, the trial court granted the motion and dismissed the petition to file a foreign judgment with prejudice.

On appeal, plaintiff contends that section 13—217 of the Code of Civil Procedure applies to an action for the registration and domestication of a foreign judgment, so that it had an absolute right to refile the petition within one year of the dismissal for want of prosecution.

Article IV, section 1, of the Federal Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." (U.S. Const., art. IV, sec. 1.) The intended purpose of this clause is "to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judi-

cial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin." (*Milwaukee County v. M.E. White Co.* (1935), 296 U.S. 268, 277, 80 L. Ed. 220, 228, 56 S. Ct. 229, 234; *Finley v. Kesling* (1982), 105 Ill. App. 3d 1, 6, 433 N.E.2d 1112.) The purpose of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1983, ch. 110, par. 12—601 *et seq.*) is to implement the full faith and credit clause of the Federal Constitution and to facilitate the interstate enforcement of judgments in any jurisdiction where the judgment debtor is found. *Ayers Asphalt Paving, Inc. v. Allen Rose Cement & Construction Co.* (1982), 109 Ill. App. 3d 520, 522, 440 N.E.2d 907; *Thompson v. Safeway Enterprises, Inc.* (1978), 67 Ill. App. 3d 914, 916, 385 N.E.2d 702.

Defendant argued below that the dismissal of the petition to register a foreign judgment for want of prosecution operated as an adjudication on the merits according to Supreme Court Rule 273 and thus any attempt to refile was barred by the doctrine of *res judicata*. Rule 273 provides that:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (87 Ill. 2d R. 273.)

However, our supreme court has held that Rule 273 does not apply to dismissals for want of prosecution because section 24 of the Limitations Act (recodified as section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), which gives an absolute right to refile within one year following a dismissal for want of prosecution, falls within the "otherwise specifies" provision of Rule 273. *Flores v. Dugan* (1982), 91 Ill. 2d 108, 113, 435 N.E.2d 480; *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 180-81, 357 N.E.2d 480; see also *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 111-12, 449 N.E.2d 112.

Defendant sought to avoid the effect of section 13—217 by arguing that it did not apply since the proceeding was not an Illinois cause of action and not an action specified in the Code of Civil Procedure. The trial court apparently relied on this argument in dismissing the petition, because it stated that "[t]he crux is whether or not this is, in fact, an Illinois action ***." We disagree that section 13—217 of the Code of Civil Procedure is inapplicable to proceedings involving petitions to register foreign judgments.

Section 13—217 of the Code of Civil Procedure provides, in pertinent part:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is dismissed for want of prosecution *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution ***." (Ill. Rev. Stat. 1983, ch. 110, par. 13—217.)

Nothing in the statutory language indicates that section 13—217 applies only to actions for which the judgment originates in Illinois. The filing of a petition to register a foreign judgment in an Illinois circuit court clearly is the commencement of an action in Illinois to which the Code of Civil Procedure applies.

██ █ Moreover, there is other authority supporting our conclusion that proceedings for the registrations of foreign judgments fall within the purview of section 13—217. Section 13—217 applies to "actions specified in *** any other act *** where the time for commencing an action is limited ***." Actions for the registration of foreign judgments are provided for under the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1983, ch. 110, par. 12—601 *et seq.*). The time for commencing an action to register a foreign judgment has long been held to be limited by section 13—205 of the Code of Civil Procedure, which imposes a five-year period of limitations on all civil actions not otherwise provided for. (Ill. Rev. Stat. 1983, ch. 110, par. 13—205; *Light v. Light* (1957), 12 Ill. 2d 502, 506, 147 N.E.2d 34; *Schemmel v. Cooksley* (1912), 256 Ill. 412, 413, 100 N.E. 141; *Davis v. Munie* (1908), 235 Ill. 620, 621, 85 N.E. 943; *Bemis v. Stanley* (1879), 93 Ill. 230, 231-33; see also *Haughton v. Haughton* (1979), 76 Ill. 2d 439, 446-47, 394 N.E.2d 385.) Based on our reading of the statutory language and relevant case law, we hold that section 13—217 applies to petitions to register foreign judgments that have been dismissed for want of prosecution. Plaintiff had one year, or the remaining time under the applicable period of limitation, whichever was greater, from the date the petition was dismissed to refile the petition. The record indicates that plaintiff sought to refile its petition six months after the dismissal, which is within the one year provided for and well within the remaining period of limitation for registration of foreign judgments. Thus, the trial court erred in denying plaintiff the right to refile its petition.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

NASH and HOPF, JJ., concur.