### VAN KOOTEN HOLDING B.V., Plaintiff,

v.

### DUMARCO CORPORATION, Defendant.

No. 87 C 1681.

United States District Court, N.D. Illinois, E.D.

Aug. 20, 1987.

Richard M. Franklin, Baker & McKenzie, Chicago, Ill., for plaintiff.

Rex A. Logemann, William P. Caputo, Altheimer & Gray, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

The plaintiff Van Kooten Holding B.V. filed this action to register and enforce a judgment originally entered in its favor in The Netherlands. The defendant Dumarco Corporation has filed a counterclaim alleging breach of contract. Currently before the court is the plaintiff's motion to dismiss defendant's breach of contract counterclaim. The motion is based on an Illinois law which, according to plaintiff, regulates the enforceability of foreign judgments and bars the defendant from bringing its counterclaim which it could have raised in The Netherlands action. Two Illinois statutes govern the enforcement of foreign judgments: The Uniform Enforcement of Foreign Judgments Act ("UEFJ"), Ill.Rev.Stat. ch. 110 ¶ 12–601 et seq. and The Uniform Foreign Money-Judgments Recognition Act ("UFMJR"), Ill.Rev. Stat. ch. 110 ¶ 12–618 et seq. The first

---

question for the court is which of these two Acts governs the enforceability of a Netherlands judgment. The second question is whether the enforceability of a Netherlands judgment means that a counterclaim which could have been raised in The Netherlands action is now barred. As to the first question regarding which Act governs the enforceability of The Netherlands judgment, the parties assume it is the UEFJ. For the reasons below, the court disagrees.

UEFJ is applicable to foreign judgments of sister states. The Act defines a foreign judgment as "any judgment, decree or order of a Court of the United States or of any state or territory which is entitled to full faith and credit in this state." Section 12–601(a). Such a judgment may be levied against the property of a judgment debtor, once the judgment is properly registered. Section 12–606. The purpose of the UEFJ is to implement statutorily the full faith and credit clause of the Federal Constitution and to facilitate the enforcement of *interstate* judgments. *Thompson v. Safeway Enterprises, Inc.,* 67 Ill.App.3d 914, 24 Ill.Dec. 561, 385 N.E.2d 702, 705 (1st Dist. 1978). *See also People of the State of Wisconsin v. Ubrig,* 128 Ill.App.3d 743, 83 Ill.Dec. 877, 470 N.E.2d 1297 (2nd Dist. 1984).

In contrast, the UFMJR applies only to judgment of foreign *countries.* This Act defines a foreign judgment as "any judgment from a foreign state...." A foreign state is defined as "any governmental unit other than the United States or any state, district, commonwealth, territory, insular possession thereof...." Section 12–618. In accordance with this statutory mandate, the court in *Ace Metal Fabricating Co. v. Arvid C. Walberg & Co.,* 135 Ill.App.3d 452, 90 Ill.Dec. 266, 481 N.E.2d 1066 (2d Dist.1985), ruled that UFMJR governs only the enforcement of a foreign country's judgment or decree. Because of this, the defendant in *Ace Metal* was not permitted to rely on the UFMJR to defeat the enforcement of an Ohio judgment. *See also Nardi v. Segal,* 90 Ill.App.2d 432, 234 N.E. 2d 805 (2d Dist.1967) (the enforcement of a foreign country's judgment or decree is governed by the Uniform Foreign Money-Judgments Recognition Act). Accordingly, in this case, the UFMJR governs the enforcement of the Netherlands judgment.

This conclusion is confirmed by Illinois courts which hold that the judgments of foreign countries can *not* be registered for enforcement under the first Act, the UEFJ. In *Hager v. Hager,* 1 Ill.App.3d 1047, 274 N.E.2d 157 (4th Dist.1971), the court refused to adopt and enforce a Greek alimony decree. The court held that the judgment of a foreign country could not be properly registered under the UEFJ. *See also Dayan v. McDonald's Corp.,* 78 Ill.App.3d 194, 33 Ill.Dec. 768, 397 N.E.2d 101, 105 (1st Dist.1979) (citing *Hager* in refusing to enforce a French judgment under the UEFJ); *Zalduendo v. Zalduendo,* 45 Ill.App.3d 849, 4 Ill.Dec. 450, 360 N.E.2d 386, 390 (1977) (citing *Hager* in refusing to enforce a Cuban child support award under the UEFJ).

Some Illinois courts, inexplicably, have not recognized the distinction between the two Acts. In *Davis v. Nehf,* 14 Ill.App.3d 318, 302 N.E.2d 382 (1st Dist.1973), the court was asked to enforce a New York judgment. In analyzing the propriety of enforcing that state's judgment, the court relied on the UFMJR and not the UEFJ. Thus, the court seemed to regard the UFMJR as applying to sister state judgments. *See also Southern Bell Telephone and Telegraph Co, v. Woodstock, Inc.,* 34 Ill.App.3d 86, 339 N.E.2d 423 (1st Dist. 1975) (court applied the UFMJR in addressing the enforceability of a Florida judgment); *Salisbury Plumbing & Heating Co. v. Carpenter,* 131 Ill.App.3d 829, 86 Ill.Dec. 839, 476 N.E.2d 15 (5th Dist.1985) (same). Given the statutory language of the Acts, and those Illinois courts which have recognized the mutually exclusive purposes of the Acts these few Illinois cases which seem to apply the UFMJ to sister state judgments are not good precedent. Contrary to the parties' approach to this case, the UFMJR governs the central question of this case—the enforceability of The Netherlands judgment. Having decided this, the next task is to determine how that Act bears on the counterclaim now

before the court. Specifically, under the UFMJR may the defendant may maintain its counterclaim in this enforcement action.

The extent to which a foreign country's judgment is enforceable, and whether that judgment bars counterclaims in the enforcement action, is determined by section 12–620 of the UFMJR. Under that provision, a "foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit." Thus, the UFMJR specifically incorporates the standards of the Constitution's full faith and credit clause and applies those standards to judgments of foreign countries. Of course, the full faith and credit clause of Article IV, § 1 of the Constitution does not, of its own force, require the states to enforce the judgments of foreign countries. *Aetna Life Insurance Co. v. Tremblay*, 223 U.S. 185, 32 S.Ct. 309, 56 L.Ed. 398 (1912), *Hager v. Hager*, 1 Ill.App.3d 1047, 274 N.E.2d 157 (4th Dist.1971). However, the Illinois legislature has on its own chosen to enforce the judgments of foreign countries under its UFMJR, and under that Act the standards of enforceability parallel the standards of full faith and credit accorded to sister state judgments. Those standards of "full faith and credit" which the Constitution requires sister states to accord one another are, of course, the standards of res judicata. Specifically, under the full faith and credit clause, one state must give the judgment of another state the same preclusive effect between the parties as the other state (the rendering state) would give in its own courts. *Semler v. Psychiatric Institute of Washington, D.C.*, 575 F.2d 922, 927 (D.C. Cir.1978).

Thus, the maintainability of the defendant's counterclaim is governed by the standards of the full faith and credit clause as incorporated into § 12–620 of the UFMJR. Unfortunately, because the parties have incorrectly assumed that the UEFJ, and not the UFMJR, governs this case, they have not addressed the question of whether, under the full faith and credit clause, a defendant's counterclaim which could have been but was not raised in an earlier action may be maintained in a subsequent action brought by the successful plaintiff to enforce his earlier judgment. One could argue that such a counterclaim, particularly one that is transactionally related to the plaintiff's original claim, might be barred under the notions of res judicata implemented by the full faith and credit clause. On this question, see Restatement (Second) of Judgments, § 22 which explains that, in the absence of a compulsory counterclaim rule, a pleader is *not* barred from suing independently on a claim that he refrained from pleading as a counterclaim in a prior action. But, as just stated, this legal issue has not been addressed. Rather, the parties have approached the problem of the maintainability of defendant's counterclaim by applying section 12–608 of the UEFJ, the "sister state" Act. This section is a procedural rule which limits the types of counterclaims that may be brought in an enforcement action. Given my conclusion that this case is governed by the UFMJR, section 12–608 is irrelevant to the question of maintainability of the counterclaim, unless section 12–608 is somehow implicitly incorporated into the UFMJR, a possibility neither side claims to be the case.

In light of this court's examination of the law relevant to the plaintiff's motion to dismiss defendant's counterclaim, further briefing is necessary on the motion to dismiss. Specifically, given that the UFMJR governs the enforceability of The Netherlands judgment and, consequently, of the maintainability of the counterclaim, and given that under the UFMJR a counterclaim's maintainability is determined by the res judicata principles of the full faith and credit clause, the court requests briefing on the following two issues: (1) Do the principles of full faith and credit incorporated in the UFMJR bar defendant from bringing the type of counterclaim it seeks to maintain here, given the prior Netherlands judgment; (2) If not, is section 12–608 (which, as part of the UEFJ, limits the types of counterclaims that may be brought in an action to enforce a sister state judgment) implicitly incorporated in the UFMJR, and if so does that section bar defendant's

counterclaim? Once these two issues are briefed, the court will be able to rule on the motion to dismiss.

### Conclusion

The parties are to brief the issues identified in this opinion. Plaintiff's brief is due September 4, 1987. Defendant's brief due September 25. Plaintiff's reply due October 9.

It is so ordered.