SALISBURY PLUMBING & HEATING COMPANY, Plaintiff and Counter-defendant-Appellant and Third-Party Plaintiff-Appellee, v. KENNETH C. CARPENTER *et al.*, Defendants and Counterplaintiffs-Appellees (Fred McGilvray, Inc., Third-Party Defendant-Appellant).

Fifth District   No. 5—83—0557

Opinion filed February 26, 1985.—Rehearing denied April 2, 1985.

John F. Schlafly, of Alton, for appellant Fred McGilvray, Inc.

R. Edward Veltman, Jr., of Crain, Cooksey, Veltman & Pursell, Ltd., of Centralia, for appellee Salisbury Plumbing & Heating Co.

Richard A. Cary, of Wham & Wham, of Centralia, for other appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

This suit involves a disputed construction contract involving three parties: Kenneth C. and Barbara Carpenter (Carpenter); Salisbury Plumbing and Heating Company (Salisbury), an Illinois corporation; and Fred McGilvray, Inc. (McGilvray), a Florida corporation.

On May 5, 1977, Carpenter entered into a contract with Salisbury in which Salisbury agreed to install a fire sprinkler system in a commercial building owned by Carpenter in Salem. On the same day, Salisbury entered into a separate contract with McGilvray in which McGilvray agreed to provide a fire protection system to fill Salisbury's obligation to Carpenter. The construction of the sprinkler system was completed in June 1977, but the system proved unacceptable to Car-

penter. After an initial payment was made to Salisbury and McGilvray, Carpenter refused to make further payments.

On August 7, 1978, Salisbury filed suit against Carpenter in Marion County, and on July 20, 1981, McGilvray filed suit against Salisbury in Dade County, Florida. Subsequently, on September 27, 1982, Salisbury filed a third-party complaint against McGilvray in Marion County in response to a counterclaim filed by Carpenter against Salisbury in its suit against Carpenter in Marion County.

Salisbury retained a Florida law firm to appear and represent it in the Dade County litigation. Salisbury was served with process, filed an answer, and participated in pretrial proceedings in Florida.

The Florida case proceeded to trial before a jury in January 1983, and on February 4, 1983, judgment was entered on the verdict rendered in favor of McGilvray.

On February 14, 1983, McGilvray moved to file a supplemental answer in Marion County, pursuant to section 2—609 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—609). The proposed supplemental answer pleaded the Florida judgment as both an affirmative defense to Salisbury's third-party complaint and as a counterclaim against Salisbury for the amount of the judgment. On February 25, 1983, the trial court heard McGilvray's motion to file its supplemental answer and further considered McGilvray's motion for judgment on the pleadings. The trial court allowed McGilvray's counterclaim based on the Florida judgment but refused McGilvray's request that the Florida judgment be pleaded as an affirmative defense to Salisbury's third-party complaint. The trial court also denied McGilvray's request for judgment on the pleadings.

After the trial court denied McGilvray's motion to plead the Florida judgment as a defense against Salisbury's third-party action, the cause proceeded to trial. A bench trial was conducted and the trial court made the following rulings: (1) it denied Salisbury's action against Carpenter; (2) it granted judgment on Carpenter's counterclaim against Salisbury; (3) it granted judgment on Salisbury's third-party complaint against McGilvray; and (4) it denied McGilvray's counterclaim based on the Florida judgment against Salisbury.

The trial court's order included the following finding:

"24. Third Party Plaintiff, Salisbury, defendant in Case No. 81—12096 CA 02 in the Circuit Court of the Eleventh Judicial Circuit In And For Dade County, Florida, did not receive notice of the Florida proceedings in sufficient time to enable it to defend based on the following facts:

(a) This court entered an Order for Issuance For Writ of

Injunction on January 14, 1983, restraining further proceedings in said Case No. 81—12096 CA 02 in the Circuit Court of the 11th Judicial Circuit, Dade County, Florida.

(b) Said Injunction Writ was issued by the Clerk of this Court on January 14, 1983.

(c) This Court on January 17, 1983, denied [McGilvray's] Motions to Dissolve Injunction and For Stay Pending Appeal.

(d) On January 18, 1983, [McGilvray] filed in the Appellate Court of Illinois, Fifth District, a Motion For Stay of Injunction pending appeal.

(e) [McGilvray] notified Salisbury's Attorney and Carpenter's Attorney of the filing, but did not notify said Attorneys that [McGilvray's] Attorney would ask the Clerk of the Appellate Court to present the Motion to the Court on that date. [McGilvray's] Attorney did so request the Clerk of said Court.

(f) [McGilvray's] Attorney learned at 5:00 p.m. on January 18, 1983, that the Appellate Court granted his motion for a stay, but [McGilvray's] attorney did not notify Carpenter or Salisbury's respective attorneys.

(g) Appellate Court's early action surprised [McGilvray's] attorney who did not expect his motion to be granted on January 18, 1983.

(h) Salisbury's attorney did not learn of Appellate Court's action until the morning of January 19, 1983, at approximately 8:30 a.m., when he received a copy of the Appellate Court's order. Salisbury's attorneys then called local counsel for Salisbury in Florida who advised the matter on Case No. 81—12096 CA 02 had been set for jury trial at 11:00 a.m. (Florida time) on January 19, 1983, in Florida. A motion was filed in the Appellate Court on January 19, 1983, to reconsider its stay of the injunction, but this was denied on that date.

(i) Salisbury upon learning of the Florida trial setting immediately attempted to travel to Florida to assist in the defense of the case, but Salisbury did not in fact arrive in Florida until the second and last day of the Florida trial on January 20, 1983.

(j) Carpenter, at Salisbury's request, also attempted to travel to Florida to testify at the trial but arrived after the jury had started deliberations; and Carpenter was not allowed to testify on behalf of Salisbury.

(k) Salisbury was denied an opportunity to assist in the total

defense of his trial in Florida and was prevented from offering a key witness, Carpenter, through no lack of due diligence on the part of Salisbury."

On appeal, McGilvray maintains that the trial court erred by failing to give full faith and credit to the Florida judgment. McGilvray further requests that we reverse the judgment of the circuit court of Marion County regarding Salisbury's third-party complaint and enter judgment in favor of McGilvray and against Salisbury on McGilvray's counterclaim. McGilvray, as the brief filed by Carpenter points out, does not challenge the judgment insofar as it establishes Salisbury's liability to Carpenter.

Salisbury asserts that the trial court correctly found, pursuant to section 12—621(b)(1) of the Uniform Foreign Money-Judgments Recognition Act (Ill. Rev. Stat. 1983, ch. 110, par. 12—621(b)(1)), that the Florida judgment need not be recognized because Salisbury did not receive notice of the Florida proceedings in sufficient time to enable it to defend. Salisbury further suggests that the Florida judgment rendered against it is not *res judicata* and that it is not collaterally estopped from contesting it.

■ It is noteworthy that the trial court found that Salisbury did not receive adequate notice of the Florida proceeding because Salisbury did not receive notice that this court had granted McGilvray's motion for a stay of injunction until trial was about to begin in Florida. Essentially, the trial court applied section 12—621(b)(1) of the Uniform Foreign Money-Judgments Recognition Act because of this court's action in staying the injunction. We find this application of the statute by the trial court to be erroneous. While there is a dearth of case law regarding section 12—621(b)(1), we think that it is obvious that the notice mentioned in the statute refers to the notice required by the foreign jurisdiction which rendered the judgment, not notice of a ruling by an Illinois appellate court on a motion.

■ In the instant case, for purposes of determining the application of section 12—621(b)(1), it is irrelevant when Salisbury was notified of this court's ruling on McGilvray's motion for a stay of injunction. The fact remains that Salisbury was well aware of the fact that a suit against it was pending in Florida. Salisbury had retained Florida counsel and participated in pretrial proceedings. Merely because Salisbury was not notified of this court's action on a pending motion until just prior to the date set for trial in Florida does not amount to untimely notice under section 12—621(b)(1).

Salisbury alternatively urges, relying on *Case Prestressing Corp. v. Chicago College of Osteopathic Medicine* (1983), 118 Ill. App. 3d 782,

455 N.E.2d 811, that the doctrine of *res judicata* does not apply in the present case. Salisbury maintains that McGilvray's suit against Salisbury in Florida was based on a different cause of action because Carpenter was not a party to the Florida litigation. We do not agree.

■■■ The contractual liability as between Salisbury and McGilvray was established in the Florida proceeding. This is subject matter that Salisbury sought to relitigate in Illinois through its third-party complaint against McGilvray. We are required under the full faith and credit clause of the United States Constitution to give *res judicata* effect to the judgments of courts of a sister State. (*Grant, Schon, Wise & Grant, P.C. v. R.W. Borrowdale Co.* (1983), 114 Ill. App. 3d 89, 91-92, 448 N.E.2d 574, 576; *Fender v. St. Louis Southwestern Ry. Co.* (1979), 73 Ill. App. 3d 522, 525-26, 392 N.E.2d 82, 85.) We reject Salisbury's contention that because the contractual liability of Salisbury and Carpenter was not litigated in Florida, such fact should alter the *res judicata* effect of the Florida judgment.

Salisbury's reliance on *Case Prestressing Corp.* is misplaced. In that case, the court held that where the parties agree to withdraw a particular claim from litigation, the doctrine of *res judicata* would not bar subsequent litigation concerning that claim in a different forum. No similar circumstance is presented in the present case.

■■ For the reasons stated, the judgment in favor of Salisbury and against McGilvray on Salisbury's third-party complaint is reversed. We cannot comply with McGilvray's request that we enter judgment in favor of McGilvray and against Salisbury on McGilvray's counterclaim which is based upon the Florida judgment. If McGilvray wishes to enforce the Florida judgment in Illinois, it should petition to register the Florida judgment under the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1983, ch. 110, par. 12—601 *et seq.*), pursuant to section 12—620 of the Uniform Foreign Money-Judgments Recognition Act (Ill. Rev. Stat. 1983, ch. 110, par. 12—620).

Since the parties do not question the judgment rendered against Salisbury in favor of Carpenter, the judgment in this regard is affirmed.

For the foregoing reasons, the judgment of the circuit court of Marion County is reversed in part and affirmed in part.

Reversed in part; affirmed in part.

JONES, P.J., and KARNS, J., concur.