ISACK v ISACK

Docket No. 270456. Submitted February 6, 2007, at Detroit. Decided
February 13, 2007, at 9:05 a.m. Leave to appeal denied, 479 Mich
___.

Alan J. Isack brought an action in the Oakland Circuit Court against
Carolyn E. Isack under the Uniform Foreign Money-Judgments
Recognition Act (UFMJRA), MCL 691.1151 *et seq.*, to enforce a
judgment of a Canadian court that awarded him costs and attorney
fees in connection with the parties' divorce and child-custody
proceedings, which had been initiated in Canada. The defendant
moved for summary disposition on the grounds that the UFMJRA
was inapplicable because the award of costs and fees was not a
"foreign judgment" and that she did not have notice of the motion
that resulted in the order. The trial court, Edward Sosnick, J.,
granted the defendant's motion for summary disposition, and the
plaintiff appealed.

The Court of Appeals *held*:

1. The trial court correctly determined that the order requir-
ing the defendant to pay costs and fees to the plaintiff was a
"foreign judgment" under the UFMJRA.

2. The trial court did not err in declining to recognize the
foreign judgment because the defendant did not have notice of the
proceedings. The phrase "notice of the proceedings" refers to
notice of the particular relevant action taken within the case, not
merely to notice of the case as a whole.

Affirmed.

STATUTES — UNIFORM FOREIGN MONEY-JUDGMENTS RECOGNITION ACT — NOTICE.

The phrase "notice of the proceedings" in the Uniform Foreign
Money-Judgments Recognition Act refers to notice of the particu-
lar relevant action taken within the case, not to notice of com-
mencement of the case as a whole (MCL 691.1154[2][a]).

*Barry S. Sigman* for the plaintiff.

*Eisenberg & Spilman, P.C.* (by *Amy M. Spilman* and
*Laura E. Eisenberg*), for the defendant.

Before: KELLY, P.J., and DAVIS and SERVITTO, JJ.

DAVIS, J. Plaintiff appeals as of right an order granting summary disposition to defendant in this action to enforce a Canadian court order for payment of costs under the Uniform Foreign Money-Judgments Recognition Act (UFMJRA), MCL 691.1151 *et seq.* We affirm.

The parties were married in 1988. In 1994, defendant sued plaintiff for divorce in Ontario, Canada, and the Canadian court issued a judgment of divorce in July 1998. The judgment awarded custody of the parties' daughter to defendant and ordered plaintiff to pay $1,000[1] a month in child support, in addition to other child-rearing expenses. Apparently, a continuing dispute over custody gave rise to a second case that plaintiff initiated against defendant, also in Canada. In that second case, the Canadian court issued an order against defendant in the nature of sanctions for failure to comply with discovery, and it ordered certain unidentified "pleadings" struck on June 25, 2004. In November 2004, plaintiff moved in the Canadian court, apparently unopposed, for summary disposition and for $110,000 in costs and attorney fees. The Canadian court granted that motion, and a copy of the order was mailed to defendant at her home in Michigan. In April 2005, plaintiff filed this action seeking to enforce the order for payment of costs under the UFMJRA. Defendant contended that the Canadian order was not a "foreign judgment" because attorney fee awards were in the nature of fines or penalties; and in any event she did not have notice of the motion that resulted in the order, so

---

[1] Apparently, all sums of money referred to in this matter are computed in Canadian dollars, although this is not always clearly indicated in the pleadings.

it need not be recognized. The parties each moved for summary disposition, which the trial court denied to plaintiff and granted to defendant.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, we consider all evidence submitted by the parties in the light most favorable to the nonmoving party and grant summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id.* at 120. Statutory interpretation is also a question of law that is reviewed de novo on appeal. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002).

Plaintiff first argues that the trial court correctly determined that the order requiring defendant to pay $110,000 in fees and costs to plaintiff is a "foreign judgment" under the UFMJRA. We agree. The UFMJRA defines a "foreign judgment" as "any judgment of a foreign state granting or denying recovery of a sum of money, including a judgment for support in matrimonial or family matters, but not including a judgment for taxes, a fine or other penalty." MCL 691.1151(b). "Foreign state" includes "any governmental unit other than the United States . . . ." MCL 691.1151(a). The trial court correctly concluded that the Canadian order constituted a "foreign judgment" under MCL 691.1151(b). The UFMJRA applies "to any foreign judgment that is final and conclusive and enforceable where rendered . . . ." MCL 691.1152. Such a judgment "is conclusive between the parties to the extent that it grants or denies recovery of a sum of

money," unless excepted under MCL 691.1154. MCL 691.1153. The only real issue in this appeal is whether the trial court correctly determined that MCL 691.1154(2)(a) applies; under that section, a foreign judgment need not be recognized if "[t]he defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend."

The UFMJRA does not define whether "notice of the proceedings" refers to notice of the commencement of the case as a whole or to notice of the particular relevant action taken within the case. Moreover, there are no published cases in Michigan on point. Our review of the few relevant cases from outside Michigan[2] supports defendant's position that recognition of a judgment may be declined where the defendant was aware, or waived notice, of the litigation, but where the defendant was not notified of certain actions taken within the suit.

In *Chabert v Bacquié*, 694 So 2d 805 (Fla App, 1997), the plaintiff sued the defendant in the French equivalent of the circuit court. The defendant "was served with process, and the French trial court acquired personal jurisdiction over him." He successfully defended the case, obtaining a judgment in his favor. *Id.* at 808. The plaintiff appealed the judgment in a French court of appeal, which reversed and entered a money judgment against the defendant. The plaintiff later filed suit in Florida for recognition of the French judgment. *Id.* at 809-810. The defendant opposed recognition in

---

[2] Some courts inexplicably apply the UFMJRA to judgments rendered by sister states, despite the UFMJRA's exclusive application to judgments issued by courts of foreign countries. MCL 691.1151; *Peters Production, Inc v Desnick Broadcasting Co*, 171 Mich App 283, 285; 429 NW2d 654 (1988).

part under the equivalent of Michigan's § 4(2)(a) exception on the ground that he had not received actual notice of the pendency of the appeal. The Florida court rejected that argument not because the pending appeal was not a proceeding of which the defendant had not received notice but because the defendant was responsible for the lack of notice—he had failed "to keep the French court apprised of his current residence address." *Id.* at 815.

In *Titan PRT Sys, Inc v Fabian,* 6 Mass L Rptr 345 (Mass Super, 1997), the plaintiffs sued the defendant in New Jersey. The defendant was served with process but did not file an answer and the plaintiffs obtained a default judgment with respect to liability. The court then set a hearing to determine damages. The defendant was not given notice of the hearing, such notice not being required under New Jersey court rules at the time, and he did not appear. The court held the hearing and entered a money judgment for the plaintiffs. The Massachusetts court determined that there was a question of fact concerning whether recognition of the judgment should be declined because failure to provide notice of the damages hearing "could constitute a failure of 'notice of the proceedings in sufficient time to defend'." under the applicable Massachusetts statute. *Id.* at 346.

In *Choi v Kim,* 50 F3d 244 (CA 3, 1995), the defendant gave the plaintiff a promissory note to secure a debt. The note provided for immediate entry of an order of execution. The defendant defaulted and the plaintiff obtained an order of execution in Korea, which he sought to enforce in a United States court. *Id.* at 246. Assuming that the order amounted to a judgment, the court declined to recognize it because the defendant had not been given notice of the order after it was issued,

despite the fact that the Korean rules of procedure did not require such notice, *id.*, and the appellate court affirmed. *Id.* at 249-250.

In *Third Nat'l Bank of Nashville v Tagnani,* 18 Pa D & C 4th 92 (Pa Com Pleas, 1993), the plaintiff sued the defendant in Tennessee. The defendant apparently was served with process because he filed an answer to the complaint. Certified letters sent to the defendant advising him of the trial date were returned unclaimed. The defendant did not appear for trial and the plaintiff obtained a judgment against him. *Id.* at 92-93. The Pennsylvania court declined to recognize the judgment on the ground that the defendant had not received proper notice of the trial date and thus was denied an opportunity to defend the action. *Id.* at 94-95.

In *Gondre v Silberstein,* 744 F Supp 429 (ED NY, 1990), the defendant was the subject of consolidated criminal and civil cases in France. The French court held the defendant in default and entered criminal and civil judgments against him. *Id.* at 430. The defendant's subsequent "opposition" to the default judgment was declared void and a "reiterated judgment" was issued against him. *Id.* at 431. The plaintiff, the trustee of the company awarded a civil judgment for damages, then sought recognition of the judgment. The defendant sought to avoid recognition of the judgment under the equivalent of MCL 691.1154(2)(a). *Id.* at 430-431. The court agreed that the defendant never received notice of the proceeding that resulted in the entry of the default judgment, *id.* at 431-432, 435, and ruled that the reiterated judgment might be denied recognition as well if the defendant had not been given notice of the hearing on his "opposition" to the default judgment that resulted in entry of the reiterated judgment. *Id.* at 433-434.

In *Salisbury Plumbing & Heating Co v Carpenter,* 131 Ill App 3d 829; 476 NE2d 15 (1985), the defendants, the Carpenters, hired Salisbury to install a fire sprinkler system, and Salisbury contracted with McGilvray to provide the system. After it was installed, the Carpenters refused to pay. *Id.* at 16. Salisbury commenced suit against the Carpenters in Illinois, and McGilvray commenced a separate suit against Salisbury in Florida. The Carpenters counterclaimed against Salisbury in Illinois, and Salisbury filed a third-party complaint against McGilvray in Illinois. *Id.* The Illinois trial court ordered the Florida proceedings stayed. The stay was lifted by the Illinois appellate court, and the Florida case proceeded to trial on the same day the stay was lifted. Salisbury was notified that the stay was lifted on the day of trial, but was unable to arrive in Florida in time to participate in the Florida case. *Id.* at 17-18. McGilvray then filed a counterclaim, based on the Florida judgment, in Illinois against Salisbury's third-party complaint. The Illinois appellate court, applying the Illinois version of the UFMJRA, deemed the notice exception inapplicable because Salisbury had been aware of the pending Florida proceedings. *Id.* at 18.

Although this implies that "notice" merely refers to the proceedings as a whole, the Illinois court deemed it significant that Salisbury had been participating in the Florida proceedings, had retained Florida counsel, and participated in Florida pretrial proceedings; but most significantly, Salisbury had only failed to receive notice of the *Illinois* order. The court explained that "the notice mentioned in the statute refers to the notice required by the foreign jurisdiction which rendered the judgment, not notice of a ruling by an Illinois appellate court on a motion." *Id.* Although not explicitly stated, it is reasonably inferable from the opinion that the Florida trial date had been established before the stay

was issued. Therefore, Salisbury had notice of the *Florida* proceedings that resulted in the "foreign" order that McGilvray sought to enforce. Therefore, it was notice of the trial date from the foreign court that was the determining factor; the court deemed it irrelevant that Salisbury was unaware that the stay was lifted until the day trial began. This supports defendant's position that it is specific pending actions in the case of which the defendant must have notice.[3]

Moreover, such a result is consistent with the plain language of the statute. In general, defendants are made aware of the pendency of *suits*, and courts acquire personal jurisdiction over those defendants, by service of process. If the defendant is never served with process, the judgment is not conclusive, MCL 691.1154(1)(b), and it cannot be recognized. MCL 691.1152. Therefore, if notice of the pending litigation alone were the sole necessity, the exception in MCL 691.1154(2)(a) would be superfluous. Courts "should avoid a construction that would render any part of the statute surplusage or nugatory." *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). The statute uses the plural word "proceedings" instead of "proceeding," but we do not deem this relevant to whether the pending case or a particular action within a case was intended: our Legislature has specifically instructed that singular and plural words may indicate each other. MCL 8.3b.

---

[3] Plaintiff cites three other cases in support of his position: *Remington Investments, Inc v Obenauf*, 1 SW3d 666 (Tenn App, 1999); *Bank of Montreal v Kough*, 430 F Supp 1243 (ND Cal, 1977), aff'd 612 F2d 467 (CA 9, 1980); and *Julen v Larson*, 25 Cal App 3d 325; 101 Cal Rptr 796 (1972). All three cases are materially distinguishable: the defendants in those cases had never been properly served with process, so the relevant courts never obtained personal jurisdiction over the defendants. Discretionary nonrecognition for lack of notice under the equivalents of MCL 691.1154(1)(b) was therefore not at issue.

In conclusion, because defendant did not have notice of the summary disposition motion in Canada that resulted in the issuance of the judgment against her, the trial court was permitted to decline to recognize it under MCL 691.1154(2)(a).

Affirmed.