*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WENDELL MACKEY,

        Plaintiff-Appellant,

v

JEFF RISING,

        Defendant-Appellee.

UNPUBLISHED
May 21, 2025
11:16 AM

No. 369212
Lenawee Circuit Court
LC No. 2022-226990-NO

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

Plaintiff, Wendell Mackey, appeals as of right the trial court's order granting defendant, Jeff Rising, summary disposition under MCR 2.116(C)(7) of plaintiff's claims of negligence and intentional and negligent infliction of emotional distress. We affirm.

## I. FACTS

Both plaintiff and defendant have been involved in local politics in the city of Adrian. Defendant was a member of the Adrian City Commission from 2014 to 2018, and also owns a successful real estate business in that community. Plaintiff operated a weblog on which he posted what he described as "articles addressing public issues of local concern." Defendant was a frequent subject of criticism on plaintiff's blog, apparently stemming from defendant's friendship with the former mayor of Adrian, with whom plaintiff has a long-standing antagonistic relationship.

Plaintiff was a candidate for the office of Adrian city commissioner in the 2017 election. On the night of October 15, 2017, shortly before the election, plaintiff used the Facebook social media platform to post an old photograph of defendant and other men wearing the costumes of the Chippendales, an all-male dance company for which defendant was formerly an emcee and backup dancer. Plaintiff added the text:

> Here's our morally corrupt, former cocaine using City Commissioner Jeffrey Rising sitting next to his convicted felon buddy John Stepansky, who robbed the China Buffet. And these nasty people claim to take the moral high ground. #CorruptPolitician #Shameful.

-1-

Defendant and plaintiff exchanged barbed comments under the posted photograph. Defendant then telephoned plaintiff's mother, a real estate agent with whom he was acquainted. According to plaintiff, defendant stated to her: "This is Jeff Rising. You better tell that mother***king piece of sh*t son of yours [i.e., Plaintiff,] that he better quit posting/putting on Facebook sh*t about me . . . . I'm telling you he better stop it or somebody is going to get hurt." Defendant denied the statement, but admitted in his deposition that he called plaintiff's mother and asked her to tell plaintiff to stop posting inflammatory comments.

Plaintiff filed a civil rights action against defendant in the United States District Court for the Eastern District of Michigan on December 29, 2020, alleging the circumstances of defendant's phone call to plaintiff's mother. Plaintiff alleged a claim under 42 USC 1983 for retaliation against plaintiff for exercising his First Amendment rights, alleging that defendant acted under color of state law when he made the call in his capacity as city commissioner intending to deter plaintiff from engaging in constitutionally-protected speech regarding public officials. Plaintiff further alleged that defendant violated plaintiff's Fourteenth Amendment right to substantive due process.

Defendant moved for summary judgment, arguing that plaintiff's claims were barred by Michigan's three-year statute of limitations applicable to personal injury claims, MCL 600.5805(2). Defendant stated that the "triggering event" occurred on October 15, 2017, and that the limitations period expired October 15, 2020, more than two months before plaintiff filed his complaint. He also argued that plaintiff's substantive due-process claim should be dismissed because it was duplicative of plaintiff's claim alleging retaliation. Plaintiff responded that the three-year limitations period was tolled for 101 days pursuant to Executive Order No. 2020-04 and the Michigan Supreme Court's Administrative Order No. 2020-03, both issued in response to COVID-19. The federal district court denied in part and granted in part defendant's motion, concluding that the complaint was not untimely because the Michigan Supreme Court's administrative orders extended the limitations period,[1] but dismissing plaintiff's substantive due-process claim as failing to allege a constitutional claim.

Plaintiff moved to amend his complaint to add state-law tort claims against defendant as a private individual. Defendant again moved for summary judgment. The federal district court declined supplemental jurisdiction over the state claims and granted defendant summary judgment of plaintiff's remaining federal claim, finding that there was no genuine issue of material fact that defendant made the phone call to plaintiff's mother outside the course and scope of his duties as a city commissioner. Plaintiff appealed, and the Sixth Circuit Court of Appeals affirmed the district

---

[1] In 2020, the Michigan Supreme Court issued administrative orders that, for purposes of determining court filing deadlines, excluded certain days during the COVID-19 event from the computation of time under MCR 1.108. *Carter v DTN Management Co*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165425); slip op at 9. In this appeal, the parties do not dispute that plaintiff's federal § 1983 claims were subject to a three-year limitations period, and that the federal district court found that the Michigan Supreme Court's Administrative Order No. 2020-3, 505 Mich cxxvii (2020), and Administrative Order No. 2020-18, 505 Mich clviii (2020), effectively tolled the running of statutes of limitations from March 10, 2020 to June 20, 2020, resulting in plaintiff's federal claim being timely filed.

court's order, holding that even viewing the facts in favor of plaintiff, the facts did not establish that defendant's "alleged threat of force" amounted to state action. *Mackey v Rising*, 106 F4th 552, 564 (CA 6, 2024).

Meanwhile, on October 14, 2022, while the action before the federal district court was pending, plaintiff initiated this action in the state circuit court alleging intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), asserting in part that plaintiff's claims were barred by the statute of limitations. Plaintiff contended that the statute of limitations had been tolled under MCL 600.5856 by plaintiff's federal action. Defendant argued that the statute of limitations was not tolled by the federal action because plaintiff's state-law claims were never pending against defendant in federal court, and further, that the two suits involved different defendants because plaintiff's federal claim was filed against defendant in his official capacity, while the state action was filed against defendant individually. The trial court granted defendant summary disposition under MCR 2.116(C)(7), holding that plaintiff's claim was barred by the statute of limitations under MCL 600.5805(2). The trial court reasoned that because plaintiff sued defendant in his personal capacity in the state action but sued defendant in his official capacity in the federal action, the federal action did not toll the statute of limitations regarding the state claims. The trial court thereafter denied plaintiff's motion for reconsideration. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff contends that the trial court erred by granting defendant summary disposition on the basis that his claim is barred by the statute of limitations. We disagree.

We review de novo the trial court's decision to grant or deny summary disposition. *Sunset Resort Ass'n, Inc v Cheboygan Co Road Comm*, 511 Mich 325, 333; 999 NW2d 423 (2023). Summary disposition may be granted under MCR 2.116(C)(7) when an action is barred by the statute of limitations, among other bases. *Armijo v Bronson Methodist Hospital*, 345 Mich App 254, 262; 4 NW3d 789 (2023). When reviewing a trial court's decision granting summary disposition under MCR 2.116(C)(7), we consider all documentary evidence submitted by the parties and accept the allegations of the complaint as true unless contradicted by documentary evidence. *Armijo*, 345 Mich App at 262. In addition, we review de novo questions of statutory interpretation, *Sunset Resort Ass'n, Inc*, 511 Mich at 333, as well as the interpretation of court rules and our Supreme Court's administrative rules. *Carter v DTN Mgt Co*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165425); slip op at 8-9.

A statute of limitations designates a time frame during which a claim must be brought; after that period, the claim is barred as untimely. MCL 600.5805(1); *Carter*, ___ Mich at ___; slip op at 12. In this case, plaintiff's complaint alleges intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. The parties do not dispute that the period of limitations applicable to plaintiff's claim is set forth in MCL 600.5805(2), which provides:

> Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property.

Computing a time period under a statute of limitations is governed by MCR 1.108. See *Carter*, ___ Mich at ___; slip op at 13. In this case, the parties do not dispute that the period of limitations began to run on October 15, 2017, the date of the phone call from defendant to plaintiff's mother, and absent any tolling, ended on October 15, 2020. Because plaintiff's complaint in this case was filed October 14, 2022, plaintiff's claim is barred by the statute of limitations unless the statute of limitations was tolled.

A tolling statute "interrupts the running of a statute of limitations in certain situations." *Id*. at ___; slip op at 14, quoting *Black's Law Dictionary* (11th edition). Michigan's tolling statute, MCL 600.5856, provides:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired.
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

Thus, MCL 600.5856 provides for the tolling of statutes of limitations only upon the filing of a complaint that is timely served on the defendant, when a court otherwise obtains jurisdiction over the defendant, or when notice in a medical malpractice action is provided under MCL 600.2912b. *Dine Brands Global, Inc v Eubanks*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 165392); slip op at 29. Ordinarily, a court obtains personal jurisdiction over a party by service of process. *Isack v Isack*, 274 Mich App 259, 266; 733 NW2d 85 (2007). MCL 600.5856(b) refers to acquiring jurisdiction by some way other than by service of process, such as by consent, *Mair v Consumers Power Co*, 419 Mich 74, 82; 348 NW2d 256 (1984), and also applies "when an action is dismissed or transferred on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter)," *Ashley Ann Arbor, LLC v Pittsfield Charter Twp*, 299 Mich App 138, 153; 829 NW2d 299 (2012) (quotation marks and citation omitted).

Plaintiff argues that the trial court erred by holding that the filing of the federal lawsuit did not toll the statute of limitations on the basis that defendant, sued in his personal capacity in the state claim, is not the same party as defendant, sued in his official capacity in the federal action. We conclude that regardless of the trial court's reasoning regarding that issue, the trial court correctly determined that defendant was entitled to summary disposition.

Plaintiff's state-law claims accrued October 15, 2017, the date that defendant called plaintiff's mother to protest plaintiff's derogatory Facebook posts, and a three-year period of limitations applied, extended by our Supreme Court's administrative orders by 101 days. Plaintiff

argues that his state-law claims were timely because the statute of limitations was tolled on December 29, 2020, the date he filed his federal claim, and remained tolled by the federal action at the time he filed his complaint in state court on October 14, 2022. Plaintiff's federal lawsuit, however, alleged a claim under 42 USC 1983 for retaliation against plaintiff for exercising his First Amendment rights, and did not allege the state-law tort claims alleged in this action.

As discussed, MCL 600.5856 tolls a statute of limitations when a complaint is filed, or at the time jurisdiction is otherwise acquired by the court over the defendant. Plaintiff argues that both of these subsections apply to his filing of the federal suit on December 29, 2020. But although the filing of a federal lawsuit may toll the statute of limitations regarding state-law claims that are brought supplemental to the federal claims, see, e.g., *Roberts v City of Troy*, 170 Mich App 567; 429 NW2d 206 (1988), there is no support for the argument that plaintiff's federal lawsuit that did not include his state-law claims and sought different relief tolled the statute of limitations regarding his state-law claims. See *Lenz v City of Detroit*, 376 Mich 156, 160; 135 NW2d 904 (1965) (holding that the plaintiff's complaint seeking mandamus to compel reinstatement of his employment did not toll the statute of limitations regarding the plaintiff's cause of action seeking damages for wrongful discharge). In this case, plaintiff's complaint did not include his claims under state law, and the federal court thereafter declined jurisdiction over the state claims when it denied plaintiff's motion to amend his complaint to add the claims. Under these circumstances, MCL 600.5856 does not toll the statute of limitations regarding claims that were never pending before the federal district court. Because plaintiff's complaint alleging intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence was filed outside the limitations period of MCL 600.5805(2), the trial court correctly concluded that plaintiff's claims were barred by the statute of limitations.[2]

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford

---

[2] We may affirm the trial court's order when it reached the right result even though we differ regarding the reasoning supporting that result. *Bronson Health Care Group, Inc v State Auto Prop & Cas Ins Co*, 330 Mich App 338, 342 n 3; 948 NW2d 115 (2019).